UNITED STATES DISTRICT COURT
DISTRICT FOR NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 06 2005
MATTHEW J. DYKMAN
CLERK

LAFAYETTE STONE,
PLAINTIFF

-VS-

CIV NO. 05-1067 WJ LCS

METROPOLITAN DETENTION CENTER (M.D.C.) CORRECTIONS OFFICERS:
AARON ALBERTI,
CHRIS SANCHEZ,
FLOYD GONZALES,
BLAIN WARRIOR,
ROBERT FUENTES,
FRANK MAESTAS,
CRAIG FOSTER,
JEREMY MAESTAS,
MARCUS GULIN,
ROY HARTMAN,
RAY GONZALES,
M. GARCIA,
J. BACA,
S. CORDOVA,
OFFICER SCOOTER,
CHARLES POOLE,
RUBEN PADILLA,
LOUIS HERNANDEZ,
SCOTT RICHTER,
MIKE ALVARADO
DEFENDANTS, EACH INDIVIDUALLY AND IN THEIR INDIVIDUAL CAPACITY

ALBUQUERQUE POLICE DEPT. OFFICERS:
P. LAVILLA,
JUDY LUJAN,
CHRISTINA ROMERO,
DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.

CORRECTIONS MEDICAL SERVICE EMPLOYEES: TWO "JANE DOE" NURSES, DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

JURY TRIAL DEMANDED

PRISONERS CIVIL RIGHTS COMPLAINT

COMES NOW, THIS PLAINTIFF, LAFAYETTE STONE, AN INMATE ACTING PRO-SE ENTERS THIS U.S.C. 1983 CIVIL RIGHTS VIOLATIONS ACTION. PLAINTIFF IS A CITIZEN OF NEW MEXICO WHO RESIDES PRESENTLY AT THE CENTRAL NEW MEXICO CORRECTIONAL FACILITY, P.O. BOX 1328 LOS LUNAS, N.M.

DEFENDANTS: A. ALBERTI, C. SANCHEZ, F. GONZALES, B. WARRIOR, R. FUENTES, F. MAESTAS, C. FOSTER, J. MAESTAS, M. GULIN, R. HARTMAN, R. GONZALES, M. GARCIA, J. BACA, S. CORDOVA, OFFICER SCOOTER, C. POOLE, R. PADILLA, LOUIS HERNANDEZ, S. RICHTER, M. ALVARADO ARE CITIZENS OF NEW MEXICO AND AT ALL TIMES RELEVANT TO THIS COMPLAINT ARE EMPLOYED AS CORRECTIONS OFFICERS AT THE BERNALILLO COUNTY METROPOLITAN DETENTION CENTER AND AT ALL TIMES RELEVANT TO THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

DEFENDANTS' P. LAVILLA, J. LUJAN, AND C. ROMERO

(1)

at all times relevant to this complaint are employed as Albuquerque Police Officers in Bernalillo County New Mexico and at all times relevant to this complaint do not reside in New Mexico and at all times relevant to this complaint did act under color of state law, as uniformed on duty law enforcement officers.

Jurisdiction in the above entitled cause is proper and asserted here pursuant to 42 U.S.C. 1983.

## NATURE OF THE CASE

On March 05, 2003 this plaintiff was housed in "L-POD" at the West-Side Jail. Sometime between the early morning hours of one and three am an incident broke out inside the dormatory I was housed in. The incident turned out to be an assault on an officer, not by this plaintiff. As corrections officers, (defendants listed) responded and entered Dorm L, complete chaos ensued. Approx eighty inmates were woke by shouts and screams. As this plaintiff reacted to the sudden chaos and as numerous officers ran into L-Pod yelling for everyone to get on their bunks, several officers rushed and forcibly grabbed this plaintiff, handcuffed him behind his back and forcably and deliberately shoved him to the ground. Once this plaintiff was face down and still handcuffed on the floor the officers began kicking and punching this plaintiff. Stomping on this plaintiffs limbs and neck and head. The responding officers then drug this plaintiff, who was still handcuffed behind his back, by his legs from L-Pod to intake, a distance of approx two-hundred plus feet. Once in intake the officers then placed my feet in shackles and continued to kick, punch and stomp on this plaintiff. Finally dragging me into a cell. At no time while in the intake holding cell were the restraints not removed even though this plaintiff was securely behind a locked holding cell door. Effectively leaving this plaintiff handcuffed behind his back and leg shackled for approx seventeen (17) to eighteen (18) hours. During the 17-18 hours restrained in the intake holding cell three (3) Albuquerque Police Department officers came to the cell, one male and two female police officers entered the cell at which point the then unknown police officer entered the cell along with the other two, the male police officer then took his night-stick and struck this plaintiff willfully and deliberately with a weapon across his left knee at which point all three police officers

(2)

commenced to kick and assault this plaintiff all the while handcuffed and leg shackled. The assaulting by Albuquerque Police Officers continued several times for approx 30-40 minutes while being told by Police Officers to admit and confess to being the one responsible of assaulting the Corrections Officer. Corrections Officers entered the holding cell once the Police Officers left, wearing face shields to take photos of this plaintiffs hands and body. Once photos were taken this plaintiff was stood up on his feet only to be shoved with such force that this plaintiff was thrown off balance which resulted in this plaintiff striking his head and neck on the toilet inside the holding cell with such force that this plaintiff was knocked unconscience. After the 17-18 hours was over and after numerous pleas for medical help of which went unanswered this plaintiff was transported to the "MAIN" Jail facility located in downtown Albuquerque, New Mexico. While at the "MAIN" Jail this plaintiff filed numerous grievances and medical request. All filed grievances have thus far been unanswered and all medical requests ignored. On or about March 20, 2003 this plaintiff was transferred to the Roosevelt County Detention Facility for pending criminal action unrelated to this complaint. Although while at Roosevelt County Detention Facility I was able to request and receive medical treatment, i.e. for injuries received at M.D.C. this plaintiff was escorted to Roosevelt General Hospital for X-rays and a "CT-SCAN". On May 20, 2003 I was transported back to M.D.C. where the same environment existed. My grievances as well as medical requests went ignored. On September 11, 2003 Bernalillo County District Court Judge Albert S. "Pat" Murdoch filed and granted and so ordered M.D.C. to immediately provide this plaintiff medical care by University of New Mexico Hospital. Of which M.D.C. blatantly ignored, until February 10, 2004 at which time University of New Mexico Hospital was allowed to perform a "M.R.I." five months after being ordered by District Court Judge Pat Murdoch. On April 13, 2004 the Institutional Grievance Committee received a memo from the Grievance Officer concerning only the medical grievances filed by this plaintiff, disregarding any mention of the grievances filed for the assaults by corrections officers. As of December 06, 2004 this plaintiff was still ailing from injuries received from the numerous assaults as claimed within this complaint, and on December 06, 2004 Bernalillo County District Court Judge Mark A. Macaron also ordered M.D.C. to provide this plaintiff with adequate medical care for the injuries received by M.D.C. employees and Albuquerque Police Department officers.

3

IN ADDITION, THIS PLAINTIFF INCLUDES AS PART OF HIS COMPLAINT THE FOLLOWING:

ON MARCH 05, 2003 IMMIDIATELY FOLLOWING THE ASSAULTS BY M.D.C. CORRECTIONS OFFICERS AND ALBUQUERQUE POLICE OFFICERS THIS PLAINTIFFS REQUESTS AND GRIEVANCES WENT UNANSWERED UNTIL FEBRUARY 10, 2004 WHEN AN M.R.I. WAS DONE BY UNIVERSITY OF NEW MEXICO HOSPITAL. THEN ON MAY OF 2004 A NUEROSURGEN AT UNIVERSITY OF NEW MEXICO HOSPITAL RECOMMENDED THIS PLAINTIFF FOR SURGERY DUE DIRECTLY FROM THE ASSAULTS HE RECEIVED WHILE INSIDE M.D.C. STILL M.D.C. ACTED DELIBERATLY INDIFFERANT TO PLAINTIFFS MEDICAL NEEDS. THEN ON SEPTEMBER 14, 2004 THIS PLAINTIFF WAS SEEN BY YET ANOTHER NUEROSURGEN WITH LOSS OF STRENGTH AND ABILITIES TO HIS LEFT SIDE. AGAIN, THE SURGERY WAS ORDERED AND RECOMMENDED. ALL THE WHILE REQUESTS FOR MEDICAL ATTENTION TO HELP WITH THE PAIN WENT IGNORED. ON DECEMBER 06, 2004 A DISTRICT COURT JUDGE ORDERED M.D.C. TO STOP IGNORING PLAINTIFFS MEDICAL NEEDS. ON THEN ON FEBRUARY 17, 2005 DID THIS PLANTIFF RECEIVE TRANSPORTATION TO UNIVERSITY OF NEW MEXICO HOSPITAL TO FIX THE INJURIES HE RECEIVED AFTER BEING ASSAULTED BY M.D.C. AND ALBUQUERQUE POLICE OFFICERS.

3-A

## CAUSE OF ACTION

### CLAIM I

This plaintiff asserts that his United States constitutional rights were violated by each defendant individually and as a whole in so much as to violate plaintiffs constitutional right to be ~~from~~ free from cruel and unusual punishment. Effectively denying this plaintiff any reasonable protection under the Eighth Amendment. The conditions created by M.D.C. officers, Albuquerque police officers and medical personal in response to another corrections officer being assaulted amounted to cruel and unusual punishment.

### CLAIM II

This plaintiff asserts that as a direct result of his Eighth Amendment violations by defendants this plaintiff was punished cruelly and unusually prior to a finding of guilt in accordance to/with due process of law.

### CLAIM III

M.D.C. officers, specifically M.D.C. supervisors failed to protect this plaintiff from M.D.C. and Albuquerque police officers deliberate indifference to his Eighth Amendment in which the defendants individually and as a whole knew that the assaults taking place on this plaintiff put him at serious risk of great bodily injury and even death and decided not to do anything to prevent or stop the assaults even though he/they could have easily done so.

### CLAIM IV

M.D.C. officials and medical personal failed to provide adequate medical treatment knowing and understanding that injuries received as a direct result of the assaults that this plaintiffs injuries and condition was/is indeed objectively serious and the defendants being fully aware deliberately ignored numerous request by plaintiff for medical care.

4/

CLAIM V

AT ALL TIMES RELEVANT TO THIS COMPLAINT, THIS PLAINTIFF ALLEGES THAT THE ACTIONS BY M.D.C. CORRECTIONS OFFICERS AND THE THREE (3) ALBUQUERQUE POLICE OFFICERS WERE OUTSIDE THE SCOPE OF THEIR EMPLOYMENT. FURTHERMORE, THE DEFENDANTS, BEING HIGHLY TRAINED LAW ENFORCEMENT AND CORRECTIONS OFFICERS SHOULD HAVE SO AND THE EVIDENCE SHOWS THAT IT WAS SUFFICIENTLY CLEAR THAT A REASONABLE OFFICIAL WOULD HAVE UNDERSTOOD THAT WHAT HE/THEY WERE DOING VIOLATED PLAINTIFFS FOURTH, EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. THAT THE DEFENDANTS ACTED DELIBERATELY, INTENTIONALLY, INDIFFERENTLY AND CRIMINALLY, IN TOTAL DISREGARD OF PLAINTIFFS SAFETY AND WELFARE WHEN DEFENDANTS ASSAULTED AND DEPRIVED, OF MEDICAL ATTENTION THIS PLAINTIFF. THAT DEFENDANTS DISPLAYED A CONTINUES PATERN OF NEGLECT AND DELIBERATE INDIFFERENCE TO THIS PLAINTIFFS SERIOUS INJURIES.

5

There have been no other lawsuits in state nor federal court dealing with any of the same facts contained in this complaint. This plaintiff did, on numerous occassions attempt to exhaust his administrative remedies by filing numerous institutional grievance concerning the assaults and medical denial, of which the grievances concerning the assaults went ignored. There are no previously dismissed actions or appeals. This plaintiff, since leaving M.D.C. or is no longer in imminent danger of serious injury or assault in retaliation for the filing of this complaint.

## REQUEST FOR RELIEF

This plaintiff prays this court to grant him summary judgement in his favor against all defendants listed both individually and together and requests a monitary judgement award for violation of his civil rights, guaranteed him by the U.S. Constitution, by all listed defendants, for great physically injuries from physical assaults with and without weapons, for great pain and suffering, mental trauma and psychological torture in the amount of three-million dollars ($3,000,000.00). Furthermore, this defendant prays this court to order the employment termination of all listed defendants and that all listed

DEFENDANTS BE CHARGED FOR CRIMINALLY VIOLATING THIS PLAINTIFF CIVIL RIGHTS.

*Lafayette Stow*

### DECLARATION UNDER PENALTY OF PERJURY

THIS PLAINTIFF HEREBY DECLARES UNDER PENALTY OF PERJURY THAT HE IS THE PLAINTIFF IN THE ABOVE TITLED ACTION AND ALL CONTAINED IS TRUE AND CORRECT. 28 USC 1746 & 1621

SIGNED THIS C.N.M.C.F DAY OF 10-4-05 AT

*Lafayette Stow*

2