IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAFAYETTE STONE,**

      **Plaintiff,**

      v.                                   No. CIV-05-1067 WJ/LCS

**AARON ALBERT, CHRIS SANCHEZ,
FLOYD GONZALES, BLAIN WARRIOR,
ROBERT FUENTES, FRANK MAESTAS,
CRAIG FOSTER, JEREMY MAESTAS,
MARCUS GULIN, ROY HARTMAN,
RAY GONZALES, M. GARCIA, J. BACA,
S. CORDOVA, SCOOTER, CHARLES POOLE,
RUBEN PADILLA, LOUIS HERNANDEZ,
SCOTT RICHTER, MIKE ALVARADO,
P. LAVILLA, JUDY LUJAN, CHRISTINA ROMERO,
JANE DOES I AND II,**

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants Aaron Albert, Floyd Gonzales, Blain Warrior, Robert Fuentes, Frank Maestas, Ray Gonzales and Louis Hernandez's Answer. (Doc. 26.) On October 12, 2005, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 3.) On June 29, 2006, the Court construed Defendants' Answer as a Motion to Dismiss on several grounds and set a briefing schedule. (*See* Doc. 27.) Defendants filed a Motion for Summary Judgment on July 21, 2006, along with a supporting memorandum. (Docs. 28, 30.) Plaintiff has failed to respond.

Defendants' Motion for Summary Judgment and supporting memorandum argue primarily that

1

Stone failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  (Docs. 28, 30.)  The Court finds that these submissions adequately inform the Court regarding grounds for Defendants' Motion to Dismiss.[1]  Time for briefing has expired and the Court finds that there is no need for an evidentiary hearing.  (Doc. 27.)  After considering the submissions of the parties, the relevant law, and being otherwise fully advised, I find that Defendants' Motion to Dismiss is well-taken and should be **GRANTED**.

## I.     FACTS AND PROCEDURAL HISTORY.

1.     Plaintiff Stone is a *pro se* litigant proceeding *in forma pauperis*.  (Docs. 1, 12.)  At all times relevant to the instant action, Stone was an inmate held at the Bernalillo County Westside Facility.  (Doc. 30.)  He alleges that, on March 5, 2003, during a jailhouse scuffle in which he was not involved, Defendant Correction Officers "rushed and forcibly grabbed . . .[him,] handcuffed him behind his back[,] and forc[i]bly . . . shoved him to the ground."  (Doc. 1 at 2.)  Plaintiff alleges that the Officers then beat him on his limbs, neck, and head, dragged him two hundred feet, shackled him, and beat him again.  (Id.)  Plaintiff alleges that the Officers left him shackled for seventeen to eighteen hours, (Id.) and that during that time, Albuquerque Police Officers entered, beat him with a nightstick, and kicked him for thirty to forty minutes.  (Doc. 1 at 3.)  Stone alleges that he was shoved, and that as a result he fell and hit his head on a toilet and was knocked unconscious.  (Id.)

2.     Plaintiff alleges that he filed numerous medical requests and grievances, but that he received no responses.  (Id.)  He alleges that on March 20, 2003, he was transferred to another

---

[1] "A court can dismiss a complaint that does not comply with the PLRA's exhaustion requirement even in the absence of a motion by the defendant."  *Kiro v. Moore*, Civ. No. 03-1223, Doc. 22 at 8 (D.N.M. Apr. 28, 2005) (citing 42 U.S.C. § 1997(e)(c)(1)).  Section 1997e(c)(1) "requires courts to dismiss actions that fail to state a claim, even without a defense motion."  *Id.*  (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)).

facility for pending criminal action unrelated to the instant complaint.  (Id.)  He maintains that he requested and received medical treatment at this facility.  (Id.)  Stone alleges that on May 20, 2003, he was transferred back to the main jail facility, where his grievances and medical requests continued to go unanswered.  (Id.)  Plaintiff alleges that on September 11, 2003, Bernalillo County District Judge Murdoch ordered jail officials to provide Plaintiff with medical care, and that jail officials refused to comply for five months.  (Id.)  Stone alleges that on April 13, 2004, his medical requests were answered but that his grievances regarding the above-described assaults continued to be ignored.  (Id.)

## II.   STANDARD GOVERNING A MOTION TO DISMISS

3.   A motion to dismiss based on a failure to exhaust administrative remedies may properly be analyzed under the standards of FED. R. CIV. P. 12(b)(6).  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003).  The Tenth Circuit has held that a "prisoner is required to plead exhaustion and provide evidence of exhaustion.  If he does not, he has failed to state a claim and the complaint is vulnerable to dismissal."  *Id.*  Specifically, a prisoner must:

> (1) plead his claims with a short and plain statement . . . showing that [he] is entitled to relief, in compliance with [Federal Rule of Civil Procedure] 8(a)(2), and (2) attach . . . a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

*Id.* at 1210 (internal quotation marks and citations omitted); *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005).  "In deciding a Rule 12(b)(6) motion based on exhaustion, the court may consider the attached administrative materials."  *Steele*, 355 F.3d at 1212 (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).  In this case, I will consider the

3

materials contained in the appendix filed by Stone (Doc. 7), Defendants' memorandum in support their Motion for Summary Judgment (Doc. 30), and, to the extent they are administrative materials, the exhibits filed in support of Defedants' Motion for Summary Judgment. (Id., Ex. A.)

**III.     ANALYSIS.**

**A.     Mr. Stone Has Not Filed A Response To Defendant's Motion To Dismiss And Therefore Consents To It.**

4.     District of New Mexico Local Rule 7.1(b) provides in pertinent part that: "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. Civ. R. 7.1(b); *see also Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002); *see also Niemyjski v. City of Albuquerque*, 379 F. Supp. 2d 1221, 1228 (D.N.M. 2005). Here, the Court construed Defendants' Answer, filed on June 28, 2006 (Doc. 26), as a Motion to Dismiss and set a briefing schedule. (Doc. 27.) The Court gave Plaintiff until August 25, 2006, to file a response to Defendants' Motion to Dismiss. (Id.) After Defendants' filed their Motion for Summary Judgment on July 21, 2006 (Doc. 28), the Court, in its Order filed August 29, 2006, gave Mr. Stone until September 25, 2006, to file a response. (Doc. 32.) Plaintiff has filed no response to any of Defendants' submissions. I find, therefore, pursuant to Local Rule 7.1(b), that Mr. Stone consents to the Motion to Dismiss. Since, however, Plaintiff's consent does "not relieve the court of its duty to make the specific determinations required" by Rule 12(b)(6), I will proceed to examine the merits of Defendants' Motion. *Murray*, 312 F.3d at 1200.

**B.     Mr. Stone's Federal Claims Must Be Dismissed Because He Has Not Established that He Exhausted His Administrative Remedies as Required By the Prison Litigation Reform Act.**

5.     Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff "must, as a matter of law, exhaust administrative remedies before filing this lawsuit, as his claims fall within the scope of the PLRA." *Kiro v. Moore*, Civ. No. 03-1223, Doc. 22 at 9-10 (D.N.M. Apr. 28, 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 520, 532 (2002); *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001)); see also *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Tenth Circuit has placed the burden of establishing exhaustion on Plaintiff; if Mr. Stone does not satisfy his burden of proof, the Court should dismiss his federal claims. *See Steele*, 355 F.3d at 1210-12. Plaintiff has failed to satisfy this burden.

6.      Plaintiff alleges, in his Complaint, that he filed grievances and medical requests regarding his injuries. (Doc. 1 at 3, 6.) He has submitted documentation from medical providers evidencing his injuries. (Doc. 7.) He has not, however, submitted any documentation demonstrating exhaustion of available administrative remedies, nor has he alleged with specificity the administrative proceedings that he went through. *See Steele*, 355 F.3d at 1210. Defendants, in exhibits filed in support of their Motion for Summary Judgment, have provided proof of available administrative procedures as well as copies of grievances filed by Stone related to his medical care. (Doc. 30, Ex. A at A01-A47.) Notably, none of the grievances pertain to or address the alleged assaults by Defendants against Mr. Stone, nor do they address the alleged failure of *these* Defendants to protect Plaintiff or ensure his medical care. These materials do not demonstrate that Plaintiff fully exhausted available administrative remedies. Mr. Stone, therefore, has failed to establish exhaustion, and the Court should dismiss his federal claims without prejudice with respect to the above-listed Defendants. *Kiro*, Civ. no. 03-1223, Doc. 22 at 11 (citation omitted); *see also Steele*, 335 F.3d at 1212-13 (noting

5

that "[a] dismissal based on lack of exhaustion . . . should ordinarily be without prejudice").

### C. Plaintiff's State Law Claims Should Be Dismissed.

7.     To the extent Plaintiff's Complaint alleges any state law claims against the Defendants listed above, those claims should also be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). "The exercise of supplemental jurisdiction is discretionary." *New Mexico v. General Electric Co.*, 335 F. Supp. 2d 1157, 1176 (D.N.M. 2003) (citation omitted). A federal district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." § 1367(c)(3). Moreover, state law also requires exhaustion of "the corrections department's internal grievance procedure[,]" which Mr. Stone has failed to do. N.M. STAT. 32-2-11(B) (1978). Because I have recommended that Plaintiff's federal claims be dismissed in their entirety as they pertain to the above-listed Defendants, I further recommend this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims with respect to the above-listed Defendants.

### RECOMMENDED DISPOSITION

I recommend that Defendants' Answer, which the Court construed as a Motion to Dismiss, be **GRANTED** due to Plaintiff's failure to fully exhaust available administrative remedies. (Doc. 26.) I recommend that Plaintiff's federal claims against the above-listed Defendants be dismissed without prejudice. I also recommend that the Court decline to exercise supplemental jurisdiction over any state claims against the above-listed Defendants and dismiss the claims without prejudice. Finally, I recommend that Defendants' Motion for Summary Judgment be **DENIED** as moot. (Doc. 28.)

Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party

may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard, N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

 

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**