IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAFAYETTE STONE**
        **Plaintiff,**

        **vs.**                                                              **No. Civ. 05-1067 WJ/LCS**

**AARON ALBERT, et al.,**
        **Defendants**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's Motion for More Specific Discovery, filed May 28, 2008 (Doc. 52) and *sua sponte*. The United States Magistrate Judge, having considered the Motion, the record, relevant law, and being otherwise fully advised recommends Plaintiff's Motion for More Specific Discovery be **DENIED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE.**

**I. PROCEDURAL HISTORY**

This action is a prisoner civil rights claim filed by a *pro se* party. On October 6, 2005, Plaintiff filed civil rights complaint in this Court, alleging an Eighth Amendment violation, cruel and unusual punishment, failure to protect, and denial of adequate medical care as a result of the violations. (Doc. 1). Defendants Aaron Albert, Floyd Gonzales, Blain Warrior, Robert Fuentes, Frank Maestas, Ray Gonzales, and Louis Hernandez answered the Complaint on June 28, 2006, denying liability and advancing affirmative defenses, including a motion to dismiss. (Doc. 26). A motion for summary judgment was filed by defendants on June 29, 2006. (Doc.29). On

November 21 2006, the district judge adopted the magistrate judge's proposed findings and recommended disposition that Plaintiff had failed to exhaust his administrative remedies, and granted Defendants' Motion to Dismiss. (Doc. 35).  Plaintiff appealed.  On December 5, 2007, the court of appeals affirmed the decision of the district court. (Doc. 46). On January 23, 2008, the district judge dismissed Plaintiff's excessive-force claims, leaving only his claims regarding inadequate medical care pending. (Doc. 48).

On January 23, 2008, the district judge ordered Plaintiff to identify specific individuals who allegedly denied him medical treatment so that they could be served. (Doc. 48).  On February 11, 2008, Plaintiff filed a Notice of Change of Address and indicated that he would require medical discovery in order to determine the identities of the necessary individuals.  (Doc. 49).

On March 24, I ordered Defendants to file a *Martinez*[1] Report to aid Plaintiff in serving the individuals who allegedly denied him adequate medical treatment. (Doc. 50)  Service was required to be completed by June 2, 2008. (Id.)  Defendants both filed and sent to Plaintiff a *Martinez* report roughly three inches thick on April 29, 2008.  (Doc. 51).  As of June 19, 2008, no additional defendants have been served.  Plaintiff subsequently filed another Motion for More Specific Discovery on May 28, 2008. (Doc. 52).  That Motion appears to be asking the Court to do discovery for the Plaintiff.

Plaintiff has had almost six (6) months to identify and serve the defendants that allegedly

---

[1]The Defendants had already been dismissed from the case, but were kind enough to file the *Martinez* report to help the Plaintiff.

provided him inadequate medical treatment. A *Martinez* report was filed almost two (2) months ago to offer him aid, and to this date, Plaintiff has not served any additional defendants. The responsibility to provide the U.S. Marshal with accurate information to effectuate service on the defendant lies with the plaintiff. *See Caldwell v. Martin*, 104 F.3d 367 (10th Cir. 1996)(unpublished). *See also* Pro Se Litigant Guide, District of New Mexico (stating that although the court can and does have the Marshal serve process on defendants routinely in *in forma pauperis* cases, it is the plaintiff's responsibility to provide a name and address for each defendant to be served.)

## II. RECOMMENDATION

It is hereby recommended that Plaintiff's Motion for More Specific Discovery be **DENIED** and that his remaining claims for denial of adequate medical treatment be **DISMISSED without PREJUDICE.** Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)©. Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1)©, file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party much file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**