IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAFAYETTE STONE**

**Plaintiff,**

**vs.**                                                                                   **No. Civ. 05-1067 WJ/LCS**

**AARON ALBERT, et al.,**
**Defendants**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On June 20, 2008, United States Magistrate Judge Leslie C. Smith entered Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 53), recommending that Plaintiff's Civil Rights Complaint (Doc. 1) be dismissed without prejudice and that Plaintiff's Motion for More Specific Discovery (Doc. 52) be denied.  Plaintiff filed objections to the Proposed Findings and Recommended Disposition on July 14, 2008.  (Doc. 55.)  Pursuant to 28 U.S.C. § 636(b)(1), I have conducted a *de novo* review of the entire file and find Plaintiff's objections to be without merit.  The Court further finds that the Proposed Findings and Recommended Disposition, as specifically supplemented below, should be adopted.

After The Court of Appeals for the Tenth Circuit affirmed the dismissal of Plaintiff's excessive force claims, I entered an order directing Plaintiff <u>to specifically identify, by name and supporting factual allegations, the individuals who allegedly denied him medical treatment no later than February 6, 2008.</u>[1]  (Doc. 48.)  *See also Stone v. Albert*, No. 06-2336, 2007 WL 4230702, at *3-*4 (10th Cir. Dec. 3, 2007).  Plaintiff filed a notice on February 11, 2008 requesting additional

---

[1] While Plaintiff does attempt to add a Dr. William Shannon to an Amended Complaint filed on July 14, 2008 (Doc. 54), Plaintiff makes no effort to comply with my order to identify supporting factual allegations for his medical claim.  Instead, he simply attaches a copy of the Complaint he filed in 2005.  (*See* Doc. 54 at 3-8; *see also* Doc. 1.)

discovery regarding his remaining claims.  (Doc. 49.)  On March 24, 2008, Judge Smith ordered the Defendants to file a *Martinez* Report to aid Plaintiff in serving the individuals who allegedly denied him adequate medical treatment.  (Doc. 50.)  Defendants, who were dismissed pursuant to my order on November 21, 2006 (Doc. 38) and are no longer parties to this action, complied with Judge Smith's order and submitted an extensive *Martinez* Report on April 29, 2008.  (Doc. 51.)  Judge Smith directed Plaintiff to serve any newly identified individuals or request additional discovery if necessary no later than June 2, 2008, some four months after the original deadline that I had set.  (Doc. 50.)

On May 28, 2008, Plaintiff filed a Motion for More Specific Discovery.  (Doc. 52.)  Specifically, Plaintiff requested all of his "medical records from C.M.S. and U.N.M. Hospital from September 2003 Hospital Visit."[2]  (*Id.* at 1.)  Plaintiff asserts that he needs these records to add an additional medical claim.  (*Id.* at 1-2.)  Plaintiff also requests discovery regarding "sick call procedure" and grievance policies, so that he may determine whether he should add other medical personnel and detention center employees as defendants.  (*Id.* at 2, 4.)

Plaintiff's request for additional discovery is denied.  Mr. Stone has already enjoyed generous discovery from the former Defendants.  If the lengthy *Martinez* Report already furnished is insufficient for Plaintiff to identify, by name and supporting factual allegations, the individuals who allegedly denied him medical treatment, then Plaintiff needs to research his medical claims and re-file them when he is ready to proceed.[3]  Mr. Stone may not "use discovery as a fishing expedition . . . ."  *Fisher v. Okla. Dep't of Corr.*, No. 06-7064, 2007 WL 127661, at *3 (10th

---

[2] There are no served defendants remaining in the case to request discovery from.  I do not have jurisdiction over C.M.S. or U.N.M. Hospital - they have never been served and are not parties to this case.  The Court will not do discovery for Plaintiff.  *See* Fed. R. Civ. P. 26.

[3] The Court makes no ruling in this order regarding any applicable statute of limitations.

Cir. Jan. 19, 2007) (quoting *Anthony v. United States*, 667 F.2d 870, 880 (10th Cir.1981)).

**WHEREFORE,**

**IT IS HEREBY ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition filed June 20, 2008 (Doc. 53) are adopted by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Civil Rights Complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff's Motion for More Specific Discovery (Doc. 52) is hereby **DENIED.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**