FILED
United States Court of Appeals
Tenth Circuit

July 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| LAFAYETTE STONE, | |
| Petitioner-Appellant, | No. 08-2222 |
| v. | District of New Mexico |
| AARON ALBERT; CHRIS SANCHEZ; FLOYD GONZALES; BLAIN WARRIOR; ROBERT FUENTES; FRANK MAESTAS; CRAIG FOSTER; JEREMY MAESTAS; MARCUS GULIN; ROY HARTMAN; RAY GONZALES; M. GARCIA; J. BACA; S. CORDOVA; OFFICER SCOOTER; CHARLES POOLE; RUBEN PADILLA; LOUIS HERNANDEZ; SCOTT RICHTER; MIKE ALVARADO; P. LAVILLA; JUDY LUJAN; CHRISTINA ROMERO; JANE DOE; WILLIAM SHANNON, all defendants in their individual capacities, | (D.C. No. 1:05-CV-01067-WJ-LCS) |
| Respondents-Appellees. | |

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lafayette Stone, a state prisoner proceeding pro se, brought a § 1983 civil rights action against a number of officials at the Bernalillo County Metropolitan Detention Center, alleging that he was subjected to excessive force during a prison disturbance and subsequently denied adequate medical care in violation of the Eighth Amendment. In a previous appeal, we affirmed the dismissal of the excessive force claims, leaving only the claim for denial of medical care. *See Stone v. Albert*, 257 Fed. App'x 96 (10th Cir. 2007). The district court then dismissed the medical care claim without prejudice after Mr. Stone failed to identify specific individuals who denied him medical treatment. Mr. Stone appeals that dismissal, arguing that the district court ignored an amended complaint in which he identified Dr. William Shannon as a defendant. We now affirm.

## BACKGROUND

In 2005, Mr. Stone filed a complaint against a large number of Bernalillo County Metropolitan Detention Center personnel in which he alleged that he was subjected to excessive force during a 2003 prison disturbance and then denied adequate medical care for his injuries. Although he listed about two dozen defendants, only seven were properly served, and these seven had nothing to do with Mr. Stone's medical care. *See Stone*, 257 Fed. App'x at 97–98. The district court dismissed the excessive force claims for failure to exhaust, and we affirmed. *Id.* at

100–01.  That left only the medical care claims before the district court.  The problem was that these were claims without any identifiable defendants.

On January 23, 2008, the district court ordered Mr. Stone to identify the specific individuals who allegedly denied him medical treatment so that they could be served.  Mr. Stone responded that he would need to conduct medical discovery in order to discover the individuals' identities.  On March 24, 2008, the magistrate judge ordered the defendants who had been successfully served to assist Mr. Stone by filing a *Martinez* report.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  The defendants complied, even though they had already been dismissed from the case.  Even with this information, Mr. Stone was unable to identify any additional defendant for service and filed a Motion for More Specific Discovery on May 28, 2008.  The magistrate judge characterized that motion as "asking the Court to do discovery for the Plaintiff."  Rep. & Rec. 2.  As Mr. Stone had already had months to identify the individuals who allegedly provided inadequate treatment, as well as the assistance of the *Martinez* report, the magistrate judge recommended that the motion for more specific discovery be denied and the claim dismissed without prejudice.

Before the district court could consider the recommendation, Mr. Stone filed an amended complaint in which he specifically identified Dr. William Shannon, the medical director at the correctional facility, as a defendant.  R. 262.  He alleged that Dr. Shannon was the "doctor/medical director so he was in charge of the medical service at the time."  R. 263.  In his objections to the magistrate judge's report and

recommendation, he elaborated slightly on his allegations against Dr. Shannon, claiming that "with those titles by his name he should know or could know that plaintiff was being denied adequate medical care." R. 275. The district court nonetheless issued an order adopting the magistrate judge's report and dismissing Mr. Stone's claims without prejudice. It addressed Mr. Stone's attempt to amend his complaint to add Dr. Shannon, saying that "[w]hile Plaintiff does attempt to add a Dr. William Shannon to an Amended Complaint," he "makes no effort to comply with my order to identify supporting factual allegations for his medical claim." Dist. Or. 1, n.1. Mr. Stone has appealed on the ground that he identified a specific individual in his amended complaint and that the district court therefore erred in dismissing his claim.

## DISCUSSION

To state a claim, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). "[C]ollective allegations against the state" are not sufficient in a § 1983 claim; a plaintiff must identify who exactly injured him and then join that party as a defendant. *Id.* Mr. Stone does not challenge the fact that his complaint must identify specific defendants. He simply claims that he has done so by amending his complaint to include Dr. Shannon.

The difficulty is that in order to state a claim, a plaintiff must do more than allege a constitutional violation; he must allege "an 'affirmative link' between each

defendant and the constitutional deprivation." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)). And as we said in *Duffield*, which also involved a claim that prison officials violated an inmate's Eighth Amendment rights by denying adequate medical care, "supervisor status is not sufficient to create § 1983 liability." *Id.* at 1239. Mr. Stone's complaint alleges no fact that, if true, shows Dr. Shannon's involvement in the alleged denial of medical care. He has quite explicitly stated that the basis for his claim against Dr. Shannon is the fact that Dr. Shannon was the medical director at the prison and that "with those titles by his name he should know or could know that plaintiff was being denied adequate medical care." R. 275. Mr. Stone thus alleges that Dr. Shannon is responsible for any constitutional violation simply because of his status as supervisor of the prison's medical department. As that status alone is legally insufficient to establish an affirmative link between a defendant and an Eighth Amendment violation, the district court was correct to find that Mr. Stone had failed to state a claim against Dr. Shannon.

## CONCLUSION

As Mr. Stone has been unable to identify any individual for whom he can allege an affirmative link to his denial of medical care in violation of the Eighth Amendment, we **AFFIRM** the district court's decision to dismiss his claim without prejudice. Mr. Stone's motion to proceed without prepayment of costs and fees is

**GRANTED**. He is reminded to continue to make partial payments until the fee is paid in full.

> Entered for the Court,
>
> Michael W. McConnell
> Circuit Judge